FILED

May 31 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

KATHERINE L. WAWRZYNIAK (CABN 252751)
Chief, Criminal Division

EMILY R. DAHLKE (CABN 322196)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7124
    Fax: (415) 436-7234
    Emily.Dahlke@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3-23-mj-70740 MAG |
| Plaintiff, | UNITED STATES' MOTION FOR DETENTION |
| v. | Date: 5/31/2023<br>Time: 10:30 a.m. |
| RODOLFO SAGASTUME-PINEDA | Court: Honorable Sallie Kim |
| Defendant. | |

## I.     INTRODUCTION

On April 24, 2023, mere steps from the Nancy Pelosi Federal Building in San Francisco, Rodlofo Sagastume-Pineda ("defendant") was video recorded selling drugs to a number of different people. When police arrested defendant, his backpack contained 96.7 grams of fentanyl, 30.8 grams of methamphetamine, heroin, cocaine, cash, and a digital scale. He was arrested, charged by the San Francisco District Attorney for drug sales, and released on pre-trial custody. Two weeks later, on May 8 2023, while on pre-trial release, defendant sold 61.1 grams of fentanyl to an undercover police officer ("UC").The defendant possessed and sold all these drugs while on felony probation for a prior drug conviction in Alameda County.

The defendant is a danger to the community and a significant flight risk. He cannot overcome the

UNITED STATES' DETENTION MEMORANDUM     1

presumption that there is no condition or combination of conditions that can secure his appearance before the Court or provide for the safety of the community. The government requests that he be detained pending trial.

## II. FACTUAL BACKGROUND

### A. The defendant's Pattern of Drug Trafficking and Criminal History

The instant case is not the extent of the defendant's criminal history. In fact, the defendant has a history of drug trafficking. He was arrested for drug sales in San Francisco in January of 2016, May of 2016, November of 2016, and convicted of felony drug trafficking in May of 2017. He was arrested for drug trafficking again in September of 2020 and convicted in September of 2022. He was arrested for conduct charged in the instant case on April of 2023 and he sold fentanyl to an undercover agent on May of 2023. Indeed, the defendant's conduct in the instant case is a mere continuation of his demonstrated pattern – selling dangerous drugs to vulnerable and desperate populations despite court orders, felony convictions, probation, pre-trial release and court orders.

### B. April 24, 2023 – the Defendant Sells Fentanyl Outside a Federal Courthouse

Within an approximate one block radius of Seventh Street between Mission and Market Streets in San Francisco sit a federal office building at 90 Seventh Street, a federal courthouse, a preschool, a methadone clinic, and a health resource center serving the community. This area has suffered from an increase in criminal activity including drug trafficking. Some of these buildings have exterior video cameras that are capable of recording high-quality video footage of the criminal activity that occurs on the public streets and sidewalks outside of the buildings.

On April 24, 2023, while on felony probation, the defendant was video recorded engaging in a




UNITED STATES' DETENTION MEMORANDUM    2

number of hand-to-hand drug transactions near Mission and Seventh Street, depicted above.

After conducting a number of hand-to-hand drug transactions mere steps from the Federal Courthouse, the defendant was arrested. Police searched his backpack and discovered 96.7 grams of fentanyl, 30.8 grams of methamphetamine, heroin, cocaine, cash, and a digital scale. The defendant was booked and charged by the San Francisco District Attorney. He was released from jail on pre-trial release shortly thereafter.

### C.     May 8, 2023 – The Defendant Sold Fentanyl to an Undercover Officer

On May 8, 2023, just *two weeks* after being arrested for selling fentanyl, the defendant sold 61.1 grams of fentanyl to an Undercover Officer ("UC") in Oakland. Troublingly, the defendant was on felony probation as well as pre-trial release at the time. Prior to the sale, the UC and the defendant texted and spoke on the phone to arrange the drug deal. The defendant agreed to sell the UC 2 ounces of fentanyl in exchange for $500 dollars. The defendant told the UC to meet him at a location in Oakland. On the arranged date and time, the UC drove to Oakland. The defendant entered the UC's vehicle and provided him with 61.1 grams of fentanyl in exchange for $500. The defendant told the UC that he could sell the UC one ounce of "clean" fentanyl in exchange for $400, at a later time. "Clean" fentanyl is fentanyl that is more potent than the already lethal fentanyl killing hundreds of San Franciscans.[1] The



---

[1] https://www.sfchronicle.com/sf/article/drug-overdose-deaths-2023-17904060.php

UNITED STATES' DETENTION MEMORANDUM     3

defendant provided the UC with a free "sample" of the "clean" fentanyl for the UC to try. The transaction was video recorded, depicted above.

On May 24, 2023, the defendant was charged in the Northern District of California by criminal complaint. He was charged with three counts of violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), possession with intent to distribute methamphetamine and fentanyl.

### III.    LEGAL STANDARD

Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail where "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; the government need not prove that both factors are present. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id.*

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (iv) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

Where there is probable cause that a defendant has violated an offense for which a maximum of ten years in prison or more is prescribed in the Controlled Substances Act, courts apply a rebuttable presumption that no condition or combination of conditions will reasonable assure the defendant's appearance as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A). Under this scheme, the burden of production shifts to the defendant. *United States v. Hir*, 517 F. 3d 1081, 1086 (9th

UNITED STATES' DETENTION MEMORANDUM    4

Cir. 2008). Even if the defendant rebuts the presumption, the presumption is not erased; instead, it remains in the case as an evidentiary finding militating against release that is to be weighted along with other relevant factors. *See id.*

## IV. ARGUMENT

### A. The Defendant Faces a Rebuttable Presumption in Favor of Detention.

On April 24, 2023 and May 8, 2023 the defendant possessed with intent to distribute fentanyl and methamphetamine. A criminal complaint was issued on the basis of an affidavit laying out the facts of the case. On May 24, 2023, the Honorable Judge Laurel Beeler signed the criminal complaint. Therefore, there is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. As a result, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A).

### B. The Defendant Cannot Overcome the Presumption that He is a Flight Risk

#### 1. The defendant recently violated Court orders when he sold drugs on two occasions while on felony probation

The defendant is on active felony probation stemming from his 2022 felony conviction in Alameda County. In that case, the defendant was arrested in San Francisco and possessed over 1,000 in cash as well as fentanyl. As a result of this drug trafficking, the defendant was convicted of a felony in 2022. Since being on felony probation for that case, he has twice been caught selling fentanyl. This pattern of conduct demonstrates the defendant's disregard for court orders. In the instant case, the defendant brazenly sold lethal drugs in San Francisco and Oakland (two counties where he has previously incurred drug related felony convictions), despite being on felony probation and pre-trial release. When he was released from pre-trial custody in April of 2023 for drug trafficking, he was ordered not to commit any new crimes. He promptly violated that order when he sold 61 grams of fentanyl to a UC two weeks later, and offered to sell the UC an even more potent and lethal form of fentanyl in the future. Given the defendant's demonstrated pattern, one can only assume that if the defendant were released in this case he will do as he has done before - violate court orders, disregard the

UNITED STATES' DETENTION MEMORANDUM    5

law and sell lethal fentanyl.

2. **The consequences the defendant faces increase his risk of flight**

The charges brought against the defendant are quite serious. He faces a significant sentence if he is convicted. Additionally, the evidence against the defendant is very strong, and includes multiple video recordings of the defendant selling drugs near the federal building on April 24, 2023 as well to the UC on May 8, 2023. *See United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cr. 1991) (strong evidence of guilt "makes it more likely that he will flee"). Additionally, the defendant is not a United States citizen and faces deportation if convicted. All of these factors, when taken together, demonstrate that the defendant poses a significant flight risk.

3. **The defendant has a history of fleeing from the police**

The defendant has been arrested multiple times in San Francisco for selling drugs. In several of those instances, he fled from police or attempted to avoid arrest. In January 2016, SFPD attempted to arrest the defendant for drug trafficking. The defendant ran up and down the steps near the Civic Center BART platform before eventually being detained. A few months later, in May 2016, SFPD observed the defendant engage in hand-to-hand drug sales. When officers moved into to arrest the defendant, he sprinted away. He ignored officer's commands in English and Spanish to stop running. He eventually ran down the stairs to the Muni entrance on Market Street, jumped a turnstile without paying, and ran towards the Muni platform. He ran multiple laps around the Muni platform while police chased him. As the officer closed in, the defendant leapt over a railing and up a moving escalator to run towards the Bart platform. The defendant was eventually detained when another officer arrived on scene.

**C.    The defendant cannot overcome the presumption that he is a danger to the community.**

The defendant poses a significant danger to the public due to his consistent history and pattern of selling dangerous drugs. He has been arrested multiple times for drug offenses in San Francisco and has suffered drug trafficking convictions in both Alameda and San Francisco County.

2 milligrams of fentanyl is considered a lethal dose. [2] In this case, the defendant possessed a

---

[2] https://www.dea.gov/resources/facts-about-fentanyl#:~:text=Two%20milligrams%20of%20fentanyl%20can,dose)%20of%20fentanyl%20per%20tablet.

UNITED STATES' DETENTION MEMORANDUM    6

combined total of over 100 grams, enough fentanyl to kill 50,000 people. He possessed these drugs despite felony convictions, felony probation, court orders, and pre-trial supervision. The defendant will continue to sell dangerous drugs if he is released from custody.

## V. CONCLUSION

The defendant cannot overcome the presumption that there are no set of conditions that will reasonably assure the safety of the community or ensure his appearance at court proceedings. The Court should order the defendant detained pending trial.

DATED:  May 31, 2023                                     Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

 */s/ Emily R. Dahlke*
EMILY R. DAHLKE
Assistant United States Attorney